Judge Robertson
delivered the opinion of the Court.,
The legal title in ejectment is in the lessor, and the lease is fictitious; but for all the purposes of trying the title, it is considered as real, Hence the death or marriage, or conveyance of the lessor, “pendente lite,” will not abate the suit. Runnington, 414; I. H. and Mun. 531; Robertson vs. Morgan,II. Bibb; Helm vs. Lindsay, Ib. 535; Jackson vs. Jeffries, I. Mar. 90; May vs. Dupee, Ib. 166.
In this case the trustees conveyed a part of the lot in contest, to the tenant in possession, (who is the defendant,) after the date of the demise. And it is supposed by the counsel for the defendant, that a conveyance to defendant, will abate an ejectment; although, if it be to a stranger, it will not. We can perceive no reason which will justify this distinction. The same principle applies to each and must equally govern both.
It is only because the fictitious demise is considered a real lease, for the purposes of á trial, that a conveyance by the lessor, cannot abate the suit. If the owner of the legal estate lease it to A for a terai of years, a conveyance of the fee to B, before the expiration of the term, cannot affect A’s right. If he be evicted, he may maintain a suit for restitution of the possession. And surely he would have as cleat *82 a right to do so, if the conveyance were to B, who' evicted him, and retained the possession, as if it had been to any other person. The court says, in Robertson vs. Morgan, supra, “the action cannot be defeated by any conveyance, subsequently made to the lessor.
Rudd, for plaintiff; Cha. A. Wickliffb, for defendant.
The circuit court having decided conformably to these authorities, the judgment is affirmed.